IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RIGOBERTO GUEVARA-BAIRES,

Petitioner,

v. No. 2:26-cv-02435-KG-SCY

MARKWAYNE MULLIN, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Rigoberto Guevara-Baires's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6. Petitioner proceeds pro se. For the reasons below, the Court denies the Petition.

Petitioner, a native and citizen of Honduras, entered the United States in 1991. Doc. 1 at 4; Doc. 6 at 1. In 1999, Petitioner was granted Temporary Protected Status ("TPS"). Doc. 1 at 4. His last entry to the United States was in 2023, which was lawfully made under his TPS status. *Id.* at 5.

On April 21, 2026, local law enforcement arrested Petitioner for a traffic violation and transferred him to Immigration and Customs Enforcement ("ICE") custody. *Id.* at 5. ICE formally initiated removal proceedings against him. *Id.* at 6. He remains detained at the Otero County Processing Center in New Mexico. *Id.*

On June 8, 2026, an immigration judge denied Petitioner bond, finding he had not satisfied his burden of proving he is not a danger to the community. *See* Doc. 6 at 15. The judge also concluded that "in the "alternative Hurtado applies lack of jurisdiction." *Id.*

Petitioner now challenges his detention primarily on three grounds. First, he argues that he is subject to detention under 8 U.S.C. § 1226(a) rather than a more restrictive provision of the

Immigration and Nationality Act ("INA"). Doc. 1 at 8–11, 14–15. Second, he claims that ICE's warrantless arrest and retention of his personal property violate the Fourth and Fifth Amendments. *Id.* at 12–13. Third, he argues that he has been deprived of proper medical care. *Id.* at 13–14. The Government opposes the Petition. *See* Doc. 6.

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission" who are "seeking admission" and "not clearly and beyond a doubt entitled to be admitted." The "provision mandates detention and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.) (Gonzales, J.). By contrast, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed." Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention." *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

As an initial matter, § 1226 governs Petitioner's detention. Petitioner has lived in the United States for years and was not arrested at a port of entry or near the border. He therefore was not seeking admission at the time of his arrest.

The Court nonetheless declines to grant relief because Petitioner received an adequate bond hearing. At that hearing, the immigration judge considered the record and found that

Petitioner failed to carry his burden of showing he is not a danger to the community. Doc. 6 at 15. That is all § 1226 and due process require. The Court's role is not to reweigh that determination, but to ensure the process itself was adequate. This case is unlike those in which an immigration judge refuses to hold a bond hearing or refuses to reach the merits. *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.); *Melendez Aldarozo v. Noem*, 2026 WL 735379, at *1 (D.N.M.). Here, the immigration judge held a hearing and decided the issue.

The Court recognizes that the immigration judge also stated that, in the alternative, "*Hurtado* applies." Doc. 6 at 15. That legal conclusion is incorrect in light of the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, ___ F.4th ___, 2026 WL 1876709, at *5 (10th Cir. June 30, 2026), which held that § 1225(b)(2)(A) does not apply to noncitizens apprehended in the interior of the country. But that error does not alter the Court's conclusion because the immigration judge's mandatory-detention determination was an alternative ground for the decision. Independently of that legal conclusion, the immigration judge conducted a bond hearing and found that Petitioner failed to satisfy his burden. Because that independent finding is sufficient to support Petitioner's continued detention under § 1226, the immigration judge's erroneous statement regarding mandatory detention does not entitle Petitioner to habeas relief.

The Court likewise rejects Petitioner's Fourth and Fifth Amendment argument about his arrest. Even assuming Petitioner was arrested without a warrant, the Fourth and Fifth Amendments do not entitle him to release from custody on that basis. The Supreme Court has squarely held, in the immigration context, that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *INS v.*

*Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984). Because an unlawful arrest does not deprive the government of the ability to proceed against Petitioner or to hold him in custody pending removal proceedings, the alleged violation provides no basis for release here.

For the reasons above, the Court denies the Petition, Doc. 1. Petitioner may file a new Petition if his circumstances change.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.